

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -6  PM 2: 54

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRYL PARKER #300414** | **CIVIL ACTION** |
| versus | **NO. 05-1419** |
| **RAPIDES PARISH DETENTION CNTR.-3** | **SECTION: "F" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE.**

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

Petitioner, Darryl Parker, is a state prisoner incarcerated at the West Carroll Detention Center, Epps, Louisiana. On April 26, 2000, he was convicted of simple burglary in violation of La.Rev.Stat.Ann § 14:62.[2] On May 8, 2000, he was sentenced to a term of twelve years imprisonment with credit for time served.[3] He appealed, and, on January 30, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction.[4] Petitioner then filed with the Louisiana Supreme Court an application for a writ of certiorari[5] which was denied on February 22, 2002.[6]

In the interim, the state filed a multiple bill of information alleging that petitioner was a third offender.[7] On October 6, 2000, the state district court found him to be a third offender and resentenced him as such to a term of life imprisonment, without benefit of parole, probation, or suspension of sentence, with credit for time served.[8]

---

[2] State Rec., Vol. I of IV, transcript of April 26, 2000, p. 160; State Rec., Vol. I of IV, minute entry dated April 26, 2000; State Rec., Vol. I of IV, jury verdict form.

[3] State Rec., Vol. I of IV, transcript of May 8, 2000; State Rec., Vol. I of IV, minute entry dated May 8, 2000.

[4] State v. Parker, 778 So.2d 1167 (La. App. 5th Cir. 2001) (No. 00-KA-1365); State Rec., Vol. III of IV.

[5] State Rec., Vol. IV of IV.

[6] State v. Parker, 809 So.2d 981 (La. 2002) (No. 2001-K-0615); State Rec., Vol. IV of IV.

[7] State Rec., Vol. I of IV, multiple bill of information.

[8] State Rec., Vol. II of IV, transcript of October 6, 2000; State Rec., Vol. II of IV, minute entry dated October 6, 2000.

On August 21, 2001, petitioner filed with the state district court a Motion to Correct an Illegal Sentence arguing that he was improperly found to be a third offender.[9] On December 6, 2001, that motion was granted and petitioner was resentenced as a second offender to a term of twelve years imprisonment with credit for time served.[10] Petitioner appealed, and, on July 29, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's multiple offender adjudication and sentence.[11]

While that appeal was pending, on April 30, 2002, petitioner filed with the state district court a motion challenging the computation of his sentence.[12] That motion was denied on May 2, 2002.[13]

On August 14, 2003, petitioner filed with the state district court a Motion to Correct an Illegal Sentence.[14] That motion was denied on August 16, 2003.[15]

---

[9] State Rec., Vol. II of IV.

[10] State Rec., Vol. II of IV, transcript of December 6, 2001; State Rec., Vol. II of IV, minute entry erroneously dated December 7, 2001.

[11] State v. Parker, 853 So.2d 67 (La. App. 5th Cir. 2003) (No. 03-KA-288); State Rec., Vol. III of IV.

[12] State Rec., Vol. II of IV.

[13] State Rec., Vol. II of IV, Order dated May 2, 2002.

[14] State Rec., Vol. III of IV.

[15] State Rec., Vol. III of IV, Order dated August 16, 2003.

On September 6, 2003, he filed with the state district court another Motion to Correct an Illegal Sentence.[16] That motion was denied on September 23, 2003.[17]

On October 17, 2003, he filed with the state district court another Motion to Correct an Illegal Sentence.[18] That motion was denied on October 23, 2003.[19] Petitioner then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on November 21, 2003.[20]

On December 12, 2003, petitioner filed with the state district court yet another Motion to Correct an Illegal Sentence.[21] That motion was denied on December 19, 2003.[22] Petitioner then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on January 29, 2004.[23]

---

[16] State Rec., Vol. III of IV.

[17] State Rec., Vol. III of IV, Order dated September 23, 2003.

[18] State Rec., Vol. III of IV.

[19] State Rec., Vol. III of IV, Order dated October 23, 2003.

[20] State v. Parker, No. 03-KH-1347 (La. App. 5th Cir. Nov. 21, 2003); State Rec., Vol. III of IV.

[21] State Rec., Vol. III of IV.

[22] State Rec., Vol. III of IV, Order dated December 19, 2003.

[23] State v. Parker, No. 04-KH-87 (La. App. 5th Cir. Jan. 29, 2004); State Rec., Vol. III of IV.

On April 2, 2004, petitioner filed with the state district court a Motion to Quash and Vacate Illegal Multiple Bill and Sentence.[24] That motion was denied on April 7, 2004.[25] He next filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on May 10, 2004.[26] He then filed with the Louisiana Supreme Court an application for a supervisory writ of certiorari[27] which was denied on April 22, 2005.[28]

While that writ application was pending, petitioner returned to the state district court, filing another Motion to Correct an Illegal Sentence on December 9, 2004.[29] That motion was denied on December 15, 2004.[30] He then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on January 21, 2005.[31]

On February 10, 2005, petitioner filed with the state district court another Motion to Correct an Illegal Sentence.[32] That motion was denied on February 15, 2005.[33] He then filed with

---

[24] State Rec., Vol. III of IV.

[25] State Rec., Vol. III of IV, Order dated April 7, 2004.

[26] State v. Parker, No. 04-KH-506 (La. App. 5th Cir. May 10, 2004); State Rec., Vol. III of IV.

[27] State Rec., Vol. IV of IV.

[28] State ex rel. Parker v. State, 899 So.2d 564 (La. 2005) (No. 2004-KH-1538); State Rec., Vol. IV of IV.

[29] State Rec., Vol. III of IV.

[30] State Rec., Vol. III of IV, Order dated December 15, 2004.

[31] State v. Parker, No. 05-KH-48 (La. App. 5th Cir. Jan. 21, 2005); State Rec., Vol. III of IV.

[32] State Rec., Vol. III of IV.

[33] State Rec., Vol. III of IV, Order dated February 15, 2005.

the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on March 16, 2005.[34]

On April 5, 2005, petitioner filed this federal application for *habeas corpus* relief.[35] In support of his application, petitioner raises the following claims:

> 1. The Double Jeopardy Clause was violated when petitioner was twice tried as a multiple offender based on the same multiple bill of information;[36] and
>
> 2. Petitioner was not properly advised of his rights in the multiple offender proceedings.[37]

The state concedes that petitioner's federal application is timely but argues that the application should be dismissed because he failed to exhaust his state court remedies with respect to his claim regarding the advisement of rights.[38] For the following reasons, this Court agrees.

The United States Supreme Court has held:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his

---

[34] State v. Parker, No. 05-KH-282 (La. App. 5th Cir. Mar. 16, 2005); State Rec., Vol. III of IV.

[35] Rec. Doc. 1.

[36] This claim was asserted in the body of petitioner's federal application.

[37] This claim was asserted in the attachment to petitioner's federal application.

[38] Rec. Doc. 15. In its response, the state does not mention petitioner's Double Jeopardy claim.

> claim in each appropriate state court (including a state supreme court
> with powers of discretionary review), thereby alerting the court to the
> federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). Further, the United States Fifth Circuit Court of Appeals has noted:

> A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement. The habeas applicant need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement. *This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application.*

Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (emphasis added). Additionally, the United States Supreme Court has held that a petitioner must *expressly* present his claim in his pleading before the state's highest court, in that courts are not required to review prior decisions or briefs in the case to ferret out what claims the petitioner may be asserting. The Supreme Court stated:

> We consequently hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as lower court opinions in the case, that does so.

Baldwin, 541 U.S. at 32.

Therefore, to determine whether petitioner has exhausted his state court remedies, this Court must compare the claims asserted in his federal application to the claims asserted in his two Louisiana Supreme Court writ applications.[39]

---

[39] The Clerk of the Louisiana Supreme Court has confirmed that petitioner has filed only two writ applications in that court concerning this conviction and sentence. Rec. Doc. 15, Exhibit 1.

In his first Louisiana Supreme Court application, filed in case number 2001-K-615, petitioner, through counsel, asserted only a single claim that his sentence was excessive. That claim is not asserted in petitioner's federal application. Accordingly, case number 2001-K-615 has no bearing on the exhaustion issue.

In his second and final Louisiana Supreme Court application, filed in case number 2004-KH-1538, petitioner, appearing *pro se*, argued only that his rights under the Double Jeopardy Clause were violated. Accordingly, the Court finds that the writ application in case number 2004-KH-1538 satisfies the exhaustion requirement as to the Double Jeopardy claim asserted in petitioner's federal application.

Nevertheless, as the state has noted, in neither Louisiana Supreme Court application did petitioner argue that he was not properly advised of his rights in the multiple offender proceedings.[40] Accordingly, because petitioner has never presented that claim to the Louisiana Supreme Court, he clearly has not exhausted his state court remedies with respect to that claim.

Because petitioner's federal application contains both exhausted and unexhausted claims, it is a mixed petition which should be dismissed without prejudice. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998).

---

[40] The Court notes that the issue, although not raised by petitioner, was addressed by the Louisiana Fifth Circuit Court of Appeal in its errors patent review in the second direct appeal in this case. State v. Parker, 853 So.2d 67 (La. App. 5th Cir. 2003) (No. 03-KA-288); State Rec., Vol. III of IV. That court found that the failure to advise petitioner of his rights was, at most, harmless error. Id. at 71. However, petitioner did not file a writ application with the Louisiana Supreme Court seeking review of that judgment. Moreover, the issue was not raised in petitioner's subsequent unrelated writ application. Because petitioner has never fairly presented the claim to the state's highest court, he has not exhausted his state court remedies.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Darryl Parker be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of July, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**